# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN BECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-41-NJR |
| ) | |
| ALFONSO DAVID, MACHEL ) | |
| REYNOLDS, and WEXFORD HEALTH ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ryan Beck, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent under the Eighth Amendment in failing to properly treat his knee injury. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Prior to his incarceration, Plaintiff had been scheduled for surgery on his knee (Doc. 1, p. 6). On March 19, 2019, he arrived at Shawnee and informed the nurse at intake that he previously had a bottom bunk permit for his knee injury. She informed him that he would be placed on a call list for the doctor. He was never called to see the doctor and put in a sick call request to see the doctor on April 8, 2019. He was then seen by Nurse Machel Reynolds, and he explained to her that he was previously scheduled for surgery. She became belligerent and threatened him with segregation, stating there was nothing wrong with his knee. Plaintiff notes that his knee was the size of a grapefruit at the time. The next day, Plaintiff's knee gave out and he fell by the stairs and was sent to the healthcare unit (*Id.* at p. 6).

Dr. Alfonso David initially denied Plaintiff a low bunk permit but issued him a permit after his knee gave out (Doc. 1, p. 7). Despite Plaintiff being told by an orthopedic doctor that he would need surgery and that an MRI was necessary to determine the extent of his injury, Dr. David only ordered x-rays and told Plaintiff that there was nothing wrong with his knee (*Id.* at pp. 7-8). Dr. David stated that the knee only had fluid on it which needed to be worked out. Plaintiff can barely walk on his knee, but Dr. David has taken away his crutches and provided him with pain medications that no longer work for his pain (*Id.* at p. 8). He has requested that his pain medications be increased but Dr. David has refused. He also went without pain medications for several weeks when his prescription was not automatically renewed (*Id.* at p. 9). Plaintiff alleges that he has been denied surgery because Wexford Health Services, Inc. ("Wexford") has a policy of making surgery decisions based on the cost effectiveness of sending an inmate out of the prison for surgery (*Id.* at p. 9).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Machel Reynolds and Dr. Alfonso David were deliberately indifferent under the Eighth Amendment in the treatment of Plaintiff's knee injury.**
>
> **Count 2:** **Wexford Health Services, Inc. were deliberately indifferent under the Eighth Amendment by having a policy of denying surgeries for cost purposes.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

At this stage, the allegations in Plaintiff's Complaint state a claim for deliberate indifference against Reynolds and Dr. David. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

**Count 2**

Plaintiff also states a claim for deliberate indifference against Wexford. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

As to Plaintiff's motion for counsel (Doc. 2), Plaintiff states that he has written a number of attorneys that have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served, and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 2) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Alfonso David and Machel Reynolds. Count 2 shall proceed against Wexford Health Services, Inc.

The Clerk of Court shall prepare for Defendants Alfonso David, Machel Reynolds, and Wexford Health Services, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/25/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**